UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JAMES MARK PEAVLEY,<br><br>    **Plaintiff,**<br><br>V.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS and UNITED FINANCIAL CASUALTY COMPANY,<br><br>    **Defendants.** | CASE NO. 5:23-CV-243-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to remand (DE 7) by Plaintiff James Mark Peavley. Defendant Safeco Insurance Company of Illinois ("Safeco") removed this case to federal court on August 21, 2023. (DE 7-1 at 2.) Peavley now argues that because there was not unanimity of consent between the defendants when the lawsuit was removed, it must be remanded. For the following reasons, the Court grants the motion to remand.

**I.    Analysis**

A civil action brought in a state court may be removed by a defendant to federal court if the case could have been brought there originally. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, the federal court has original jurisdiction over those matters where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. "A defendant removing a case has the burden of proving the diversity jurisdiction requirement." *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Moreover, district courts must resolve any doubts regarding federal jurisdiction in favor of remanding a case to state court. *Hackney v. Thibodeaux*, No. CIV.A.10-35-JBC, 2010 WL 1872875, at \*1 (E.D. Ky. May 10, 2010).

The rule of unanimity requires that "in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Harper v. Autoalliance International, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004 (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999)); *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Failure to obtain unanimous consent "forecloses the opportunity for removal" under Section 1446 and remand to state court is appropriate. *Loftis*, 342 F.3d at 516-17.

There is no dispute concerning the diversity of citizenship of the parties. The Court need only consider whether the procedural rules governing removal require remand when there was a lack of unanimity of consent. Safeco presents two arguments in rebuttal: (1) Peavley's motion is moot due to his settlement with and release of Defendant United Financial Casualty Company ("United Financial"); and (2) Peavley intentionally failed to dismiss United Financial in order to circumvent federal diversity jurisdiction. (DE 10 at 2-3.) The Court does not find either argument persuasive.

    a.    **Settlement with United Financial**

Safeco argues that Peavley's motion to remand is "disingenuous and moot" because he settled his claims with United Financial prior to the filing of his motion. (*Id.* at 2.) Peavley signed a settlement with United Financial on September 11, 2023, releasing it from any and all actions and claims, including the underlying case, in exchange for its policy proceeds. (*Id.*) This settlement between Peavley and United Financial was executed *after* Safeco's removal to federal court. The Court disagrees with Safeco's argument that the

current motion to remand is moot.

Similar to how the amount in controversy is assessed at the time of removal, *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001), the Court must look to the time of removal when analyzing procedural objections to removal. Here, both Safeco and United Financial were properly joined as defendants when the case was filed in state court. Safeco eventually filed for removal, but failed to either join United Financial to the removal or get United Financial to file its written consent to removal. What happened afterwards—whether Peavley settled his claims with United Financial or not—is irrelevant for the purposes of Peavley's procedural objection to removal. Under Section 1447(c), Peavley had thirty (30) days to file his objections to the removal process in his case. Because Peavley filed his motion to remand with those thirty days, his motion is not moot. Settlement does not negate the fact that Safeco failed to follow the rule of unanimity when removing the case to federal court.

      b.      **Circumventing Federal Diversity Jurisdiction**

Additionally, Safeco argues that Peavley's intentional failure to dismiss United Financial "is an attempt . . . to mislead this Court and in essence constitutes fraudulent joinder." (DE 10 at 3.) Safeco alleges that by releasing United Financial from any and all claims and failing to immediately dismiss that defendant, Peavley intentionally kept an unnecessary party in the lawsuit in order to bolster its argument for remand to state court. This argument is misguided. Even if United Financial had been dismissed from the lawsuit following settlement, Peavley still filed a proper objection to removal procedures under Section 1447(c). The Sixth Circuit has been clear that the rule of unanimity must be followed when removing cases to federal court and failure to follow the rule necessitates remand to state court. Safeco did not join United Financial or get its written consent for

3

removal and, accordingly, failed to follow the rule of unanimity. There is nothing misleading about Peavley filing an objection to this lapse in removal procedure.

## II. Conclusion

For the aforementioned reasons, the Court hereby ORDERS that:

1. Peavley's motion to remand (DE 7) is GRANTED;

2. the case is REMANDED to Clark Circuit Court;

3. a copy of the current order is to be mailed to the Circuit Court; and

4. this case is STRICKEN from the Court's active docket.

This 16th day of October, 2023.

*Karen K. Caldwell*

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY